A94A2635. COFFEE COUNTY SCHOOL DISTRICT et al.
v. SNIPES.
(454 SE2d 149)

ANDREWS, Judge.

Appellee's five-year-old child fell while playing at school and severely fractured her elbow. On behalf of the child, appellee sued the Coffee County School District, Hierling, a school teacher, and Johnson, a paraprofessional teacher's aide. The individual defendants were employed by the school district and were in charge of the child's class

at the time of the fall. The defendants moved for summary judgment on grounds that the school district was entitled to sovereign immunity and the individual defendants were entitled to official immunity. We granted the defendants' application for an interlocutory appeal from the trial court's denial of their motion for summary judgment.

Since the present cause of action accrued on August 30, 1991, this case is governed by the 1991 amendment to Art. I, Sec. II, Par. IX of the Georgia Constitution of 1983 applicable to causes of action accruing on or after January 1, 1991. *Curtis v. Bd. of Regents*, 262 Ga. 226 (416 SE2d 510) (1992). The 1991 amendment provides in part that: "(a) The General Assembly may waive the state's sovereign immunity from suit by enacting a State Tort Claims Act, in which the General Assembly may provide by law for procedures for the making, handling, and disposition of actions or claims against the state and its departments, agencies, officers, and employees, upon such terms and subject to such conditions and limitations as the General Assembly may provide. . . . (e) Except as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver."[1]

We conclude that the 1991 amendment extending sovereign immunity "to the state and all of its departments and agencies" includes county-wide school districts, such as the Coffee County School District, created pursuant to Art. VIII, Sec. V, Par. I of the 1983 Georgia Constitution and OCGA § 20-2-50. Like the counties within which they are created, such school districts are political subdivisions of the state entitled to the sovereign immunity extended to the state. *Cotton States Mut. Ins. Co. v. Keefe*, 215 Ga. 830, 834 (113 SE2d 774) (1960); *Towns v. Suttles*, 208 Ga. 838, 840 (69 SE2d 742) (1952); *Pinion v. Walker County School Dist.*, 203 Ga. 99, 102-103 (45 SE2d 405) (1947); see *Gilbert v. Richardson*, 264 Ga. 744 (452 SE2d 476) (1994) (1991 amendment extends sovereign immunity to counties as political subdivisions of the state); compare *City of Thomaston v. Bridges*, 264 Ga. 4 (439 SE2d 906) (1994) (concluding that municipalities are not entitled to sovereign immunity under the 1991 amendment); *Thomas v. Hosp. Auth. of Clarke County*, 264 Ga. 40 (440 SE2d 195) (1994) (holding that a hospital authority is not an entity entitled to sovereign immunity).

Prior to the 1991 constitutional amendment, the Georgia Consti-

---

[1] The Georgia Constitution further provides that: "The General Assembly may waive the immunity of counties, municipalities, and school districts by law." Ga. Const. 1983, Art. IX, Sec. II, Par. IX.

tution of 1983 extended sovereign immunity to the state in language virtually identical to that used in the 1991 amendment. The pre-1991 sovereign immunity provisions were construed to apply to political subdivisions of the state including counties, county boards of education and county school districts. *Thigpen v. McDuffie County Bd. of Ed.*, 255 Ga. 59 (335 SE2d 112) (1985); *Sisson v. Douglas County School Dist.*, 181 Ga. App. 77, 78 (351 SE2d 272) (1986). Since the 1991 amendment was proposed and ratified with full knowledge of the construction placed upon the existing sovereign immunity provisions, and there is no evidence that the similar language of the 1991 amendment was not intended to apply to county school districts, the extension of sovereign immunity "to the state and all of its departments and agencies" under the 1991 amendment applies to county school districts. See *Gilbert*, supra.

Under the authority of the 1991 constitutional amendment, the General Assembly subsequently enacted "The Georgia Tort Claims Act" (OCGA § 50-21-20 et seq.), applicable to causes of action accruing on or after January 1, 1991. The Georgia Tort Claims Act provides for a limited waiver of the state's sovereign immunity for the torts of its officers and employees, but it expressly excludes school districts from the waiver. OCGA § 50-21-22 (5); see *Daniels v. Decatur County*, 212 Ga. App. 378, 379 (441 SE2d 790) (1994). Although the 1991 amendment does not restrict the legislature's authority to waive sovereign immunity to the Georgia Tort Claims Act, any such waiver must be by a "legislative act which specifically provides that sovereign immunity is waived and the extent of such waiver." *Gilbert*, supra at 748.

Appellee suggests for the first time in his appellate brief that the Coffee County School District waived sovereign immunity to the extent that liability insurance was purchased covering the damages at issue. See *Gilbert*, supra; OCGA § 20-2-991. Despite the fact that the 1991 amendment eliminated the constitutional provision that sovereign immunity was waived to the extent of liability insurance protection, the Supreme Court in *Gilbert*, supra, concluded that the county's purchase of liability insurance pursuant to OCGA § 33-24-51 constituted a waiver of sovereign immunity because OCGA § 33-24-51 (b), which states that "governmental immunity shall be waived to the extent of the amount of insurance so purchased," provides both a waiver of sovereign immunity and the extent of such waiver as contemplated by the 1991 amendment. By contrast, the provisions of OCGA § 20-2-991 concerning the purchase of liability insurance covering the school district do not provide for a waiver of sovereign immunity as contemplated by the 1991 amendment. In the absence of a waiver in compliance with the 1991 amendment, it is irrelevant that OCGA § 20-2-992, providing that the purchase of such insurance

shall not be construed as a waiver of immunity, was declared unconstitutionally void. *Thigpen*, supra at 59; *Gilbert*, supra. In any event, the record in this case does not show that appellee raised the issue of insurance in the trial court and there is nothing in the record showing that liability insurance exists. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Since there is no legislative act specifically providing that the sovereign immunity of the school district is waived and the extent of such waiver, the Coffee County School District is entitled to summary judgment on the basis of sovereign immunity.

Similarly, to the extent Hierling and Johnson were sued in their personal capacities for actions taken within the scope of their duties as employees of the school district, they are entitled to summary judgment on the basis of official immunity.

Subsection (d) of the 1991 amendment to Art. I, Sec. II, Par. IX of the 1983 Georgia Constitution extends official immunity to state officers and employees: "Except as specifically provided by the General Assembly in a State Tort Claims Act, all officers and employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions. Except as provided in this subparagraph, officers and employees of the state or its departments and agencies shall not be subject to suit or liability, and no judgment shall be entered against them, for the performance or nonperformance of their official functions. The provisions of this subparagraph shall not be waived."

"According to the plain language of subsection (d), state officers and employees and those of its departments and agencies are subject to suit only when they negligently perform or fail to perform their 'ministerial functions' or when they act with actual malice or intent to cause injury in the performance of their 'official functions.' . . . [T]he term 'official functions' . . . mean[s] any act performed within the officer's or employee's scope of authority, including both ministerial and discretionary acts. Under this definition, the 1991 amendment provides no immunity for ministerial acts negligently performed or for ministerial or discretionary acts performed with malice or an intent to injure. It, however, does provide immunity for the negligent performance of discretionary acts, which is consistent with prior law. This interpretation comports with the purpose of providing immunity from personal liability to government employees who work in positions where they make policy or exercise discretion." *Gilbert*, supra at 753.

Appellee contends that Hierling and Johnson negligently supervised the child during a class recess period in the school gymnasium, and that this supervisory activity was ministerial in nature. There is no allegation that the individual defendants acted with malice or an intent to injure. The affidavit of the school district superintendent provided in support of the motion for summary judgment states that there were no written rules or regulations pertaining to supervision of the recess activities at issue, and that control and supervision of such activities were within the discretion of the defendants. We have previously held that similar supervision and control of students by teachers is a discretionary function. *Guthrie v. Irons*, 211 Ga. App. 502, 504-507 (439 SE2d 732) (1993); see *Lewis v. McDowell*, 194 Ga. App. 429, 431 (390 SE2d 605) (1990); *Hennessy v. Webb*, 245 Ga. 329, 332 (264 SE2d 878) (1980); *Hicks v. Walker County School Dist.*, 172 Ga. App. 428, 429-430 (323 SE2d 231) (1984). Since Hierling and Johnson were performing discretionary functions when the fall occurred, they are immune from personal liability under subsection (d) of the 1991 amendment.

*Judgment reversed. Beasley, C. J., and Johnson, J., concur.*

DECIDED JANUARY 30, 1995 —
RECONSIDERATION DENIED FEBRUARY 14, 1995 — 

*Young, Clyatt, Thagard & Hoffman, F. Thomas Young, Sherry S. Harrell,* for appellants.
*Kenneth E. Futch, Jr., Jimmy J. Boatright,* for appellee.

