A97A1213. CRISP COUNTY SCHOOL SYSTEM et al. v. BROWN.
(487 SE2d 512)

BIRDSONG, Presiding Judge.

Appellants Crisp County School System et al. appeal from the order of the superior court denying their motion for summary judgment. This appeal arises from a suit for damages.

On September 16, 1994, appellant Wendell Herndon, a physical education teacher and an employee of appellant school system, instructed his class to complete an obstacle course which required them to traverse monkey bars. One of his students, Fredrica Brown, told Herndon that she did not think she could cross the bars. Herndon instructed her to try, and in doing so, the student fell from the bars breaking her arm. (Appellant school system has now and had then a liability insurance policy.) Fredrica's mother, Jacqueline Brown, brought suit on behalf of her daughter averring negligent supervision on the part of Herndon and against the school system and board of education for failing to promulgate sufficient rules governing supervision of students with physical and mental limitations. Appellants moved for summary judgment contending they were immune from suit; the trial court denied the motion. *Held*:

1. The sovereign immunity of the state and its departments and agencies can be waived only by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver. Art. I, Sec. II, Par. IX (e), Ga. Const. of 1983, as amended in 1991. The Crisp County School System is a political subdivision of the State of Georgia (Ga. L. 1957, pp. 2066, 2068, 2078-2079), and is vested with sovereign immunity, unless such immunity is specifically waived as provided by Art. I, Sec. II,

Par. IX (e). See generally *Holloway v. Dougherty County School System*, 157 Ga. App. 251 (277 SE2d 251); compare *Coffee County School Dist. v. Snipes*, 216 Ga. App. 293, 294-295 (454 SE2d 149). In fact, the General Assembly expressly reserved the Crisp County School System's right of sovereign immunity from suits in tort when it enacted legislation creating the school system and provided: "The Crisp County School System['s] . . . object is declared to be governmental and shall not be liable to suit in actions arising ex delicto, except where specifically authorized by law," Ga. L. 1957, p. 2075; see *Holloway*, supra at 252. "Under the authority of the 1991 constitutional amendment, the General Assembly subsequently enacted 'The Georgia Tort Claims Act' (OCGA § 50-21-20 et seq.), applicable to causes of action accruing on or after January 1, 1991. The Georgia Tort Claims Act provides for a limited waiver of the state's sovereign immunity for the torts of its officers and employees, but it expressly excludes school districts [and 'other local authorities'] from the waiver. OCGA § 50-21-22 (5)." *Coffee County*, supra at 295. The Crisp County School System is excluded from the provisions of the Georgia Tort Claims Act under the language scope of OCGA § 50-21-22 (5). "Although the 1991 amendment [to Art. I, Sec. II, Par. IX] does not restrict the legislature's authority to waive sovereign immunity to the Georgia Tort Claims Act, any such waiver must be by a 'legislative act which specifically provides that sovereign immunity is waived and the extent of such waiver.' [Cit.]" *Coffee County*, supra at 295. We cannot find and appellants do not cite us to any promulgated legislative act which specifically provides that the sovereign immunity of school systems has been waived and the extent of such waiver. Moreover, the provisions of OCGA § 20-2-991, authorizing the purchase of liability insurance by the board of control or education of various school systems and related educational institutions, do not provide for a waiver of sovereign immunity as contemplated by the 1991 constitutional amendment. Id.; compare *Rawls v. Bulloch County School Dist.*, 223 Ga. App. 234 (477 SE2d 383) (OCGA § 20-2-1090, which requires the purchase of certain insurance for children riding school buses, does not provide for a waiver of sovereign immunity by county school boards). There has been no waiver of official immunity by the mere existence of the school system's liability policy. *Davis v. Dublin City Bd. of Ed.*, 219 Ga. App. 121, 123 (3), (4) (464 SE2d 251).

*Gilbert v. Richardson*, 264 Ga. 744 (452 SE2d 476) is distinguishable and not controlling as to the issue of waiver of sovereign immunity. The waiver of immunity provided by OCGA § 33-24-51 (a), as addressed in *Gilbert*, pertains only to liability insurance purchased by a municipal corporation, county or other political subdivision "to cover liability for damages . . . arising by reason of ownership, main-

tenance, operation, or use of any motor vehicle" by said political subdivisions. No such insurance is involved in this case. Although *Gilbert*, supra at 751 (5), contains dictum broadly stating, "[r]egardless of the label placed on a liability policy by a governmental entity, . . . liability insurance protection purchased or created by a governmental entity to insure against its own liability waives that entity's sovereign immunity," consistent with the provisions of Art. I, Sec. II, Par. IX (e), such language clearly was limited by the case facts to "the purchase of insurance as contemplated by § 33-24-51 (b)." Id. at 752 (5); *Woodard v. Laurens County*, 265 Ga. 404 (456 SE2d 581).

There being no waiver of sovereign immunity by the mere purchase of liability insurance (see generally id.; see also *Blumsack v. Bartow County*, 223 Ga. App. 392, 393 (1) (477 SE2d 642)), appellant school system is entitled to assert the sovereign immunity defense. *Coffee County*, supra at 295-296. Moreover, as clarified in *Gilbert*, supra at 750 (4), any cause of action averred against an officer or employee of the school system or county board of education (including appellant Herndon) in their official capacity is in reality a suit against the state and, therefore, involves sovereign immunity.

2. The 1991 constitutional amendment provides no official immunity defense for ministerial acts negligently performed or for discretionary acts performed with actual malice or an intent to injure. *Woodard*, supra at 406 (2); see generally *Merrow v. Hawkins*, 266 Ga. 390 (467 SE2d 336). However, the public officers and employees of the Crisp County Board of Education and appellant school system (including appellant Herndon) are entitled to official immunity, regarding any cause of action averred against them in their private (individual) capacity, when they are sued for discretionary acts taken within the scope of their employment and without actual malice or an actual intent to injure. See generally Art. I, Sec. II, Par. IX; *Merrow*, supra; *Woodard*, supra at 406 (2). "Whether the acts upon which liability is predicated are ministerial or discretionary is determined by the facts of the particular case." Id. at 407 (2). The term "actual malice," as it is used in the context of official immunity, "requires a deliberate intention to do wrong." *Merrow*, supra at 391. Actual malice in this context is malice in fact, and it does not encompass the legal principle of implied malice. Thus, actual malice does not include "conduct exhibiting a 'reckless disregard for human life,' " or " 'acts involving reckless disregard for the safety of others.' " (Citations omitted.) Id. at 392 (2). Thus, "the drafters intended the 1991 amendment to exclude any liability for injuries and damages if officers and employees act with implied malice in the performance of their official functions," id., and henceforth we must avoid erroneously applying prior case law which utilized implied malice principles in the resolution of official immunity issues.

"Generally, the determination of whether an action is discretionary or ministerial depends on the character of the specific actions complained of, not the general nature of the job, and is to be made on a case-by-case basis." *Wright v. Ashe*, 220 Ga. App. 91, 93 (469 SE2d 268). The specific acts of appellant Herndon, as averred in the complaint and revealed in supporting affidavits in the record before us, clearly constituted supervisory and monitoring acts of an educator. When directing Brown to traverse the monkey bars, notwithstanding her protestations that she did not know how to do so, appellant Herndon was engaged in the tutorial supervision of Brown, vis-a-vis their physical education teacher-student relationship. Appellant Herndon's decision as to where to stand to best observe his students during their performance of their physical education assignments constituted an act of tutorial monitoring. "[T]he general task imposed on teachers to monitor, supervise, and control students has also been held to be a discretionary action which is protected by the doctrine of official immunity." Id. at 94. The decisions and acts of appellant Herndon, regarding the degree of monitoring, supervision and control which he exercised over his student, Brown, in the case at bar were discretionary functions. See *Coffee County*, supra at 297 and cases cited therein.

Likewise discretionary were the decisions of the members of the county board of education whether to promulgate guidelines and rules governing the supervision of students with mental and physical limitations and, if so, the scope of such rules; e.g., "[t]he Georgia courts have consistently held that making decisions regarding the means used to supervise school children is a discretionary function of the school principal." *Wright*, supra at 93-94. Moreover, decisions regarding such guideline promulgation call " 'for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.' " (Citation omitted.) *Hemak v. Houston County School Dist.*, 220 Ga. App. 110, 112 (469 SE2d 679).

There exists no evidence whatsoever in this record that the decisions and omissions of the members of the county board of education, regarding the averred discretionary functions, were undertaken either with actual malice or an actual intent to injure within the meaning of *Merrow*, supra, and *Woodard*, supra. Accordingly, the members of the county board of education were entitled to assert the defense of official immunity and to obtain summary judgment regarding any claims averred against them in their private (individual) capacities.

While conceivably there might exist some slight evidence in the record giving rise to a genuine issue of material fact whether appellant Herndon, by his conduct, exhibited a reckless disregard for the

safety of Brown, such a finding no longer will prevent an official immunity defense. See, e.g., *Merrow*, supra at 392. Conversely, there exists no evidence in the record which gives rise to any genuine issue of material fact that appellant Herndon's conduct was undertaken either with actual malice or with an actual intent to injure. Accordingly, Herndon also was entitled to assert the defense of official immunity and to summary judgment regarding any claims averred against him in his private (individual) capacity.

Further, appellant school system could not be held liable, under the doctrine of respondeat superior, for any negligence of appellant Herndon arising out of the scope of his employment. While the official immunity of a public officer or employee does not protect a governmental entity from liability under the doctrine of respondeat superior, a county school system or school district may be liable in its official capacity for its officer's or employee's negligence in performing an official function only to the extent the county school system or school district has waived sovereign immunity. See generally *Gilbert*, supra at 754, and cases cited therein. As no waiver of sovereign immunity occurred in this case (see Division 1 above), appellant school system cannot be held liable, under the doctrine of respondeat superior, for any alleged negligence of appellant Herndon.

Appellee's contentions in support of the ruling of the trial court are without merit. In view of our holdings in Divisions 1 and 2 above, we find that the trial court erred in denying appellants' motion for summary judgment.

*Judgment reversed. Ruffin and Eldridge, JJ., concur.*

DECIDED JUNE 11, 1997.

Before Judge Forrester.

*Martin, Snow, Grant & Napier, Robert R. Gunn II, Thomas P. Allen III*, for appellants.

*Natalie M. Haugabrook*, for appellee.

Jacqueline Brown, *pro se.*