A97A0596. WELLBORN et al. v. DEKALB COUNTY SCHOOL DISTRICT.

(489 SE2d 345)

BIRDSONG, Presiding Judge.

Melia Wellborn appeals the dismissal of her complaint against Bruce Finkbone, the DeKalb County School District and unidentified defendants X, Y, and Z. She contends the trial court erred by dismissing her individual claims and by dismissing the DeKalb County School District as a party defendant.

This suit was brought by Wellborn, individually, and as next friend of her hearing-impaired son who, while a minor, allegedly was drawn into a sexual relationship with his sign language interpreter, Finkbone. Wellborn alleges that Finkbone began the relationship with her son in 1992 when the boy was 14 years old and that the school district and its employees knew or should have known that Finkbone engaged in homosexual acts with students.

Wellborn's first complaint alleged various state and federal causes of action against Finkbone, the DeKalb County School Board, and the unidentified defendants. Later, Wellborn filed an amended and recast complaint that dropped the school board as a defendant but added the DeKalb County School District to the other defendants. Then, because Jason Wellborn reached the age of majority during the pendency of this action, the school district moved to dismiss the case because of the failure to join the real party in interest (see OCGA § 9-11-17 (a)) and also moved to dismiss Wellborn's complaint because she failed to seek the trial court's permission before adding the school district as a party (see OCGA § 9-11-21), because the school board is not an entity subject to suit, and because there had been no waiver of sovereign immunity.

Subsequently, the trial court found that Jason was the real party in interest and thus was indispensable to the action. Therefore, the trial court ordered Wellborn to join or substitute Jason as a plaintiff or face dismissal. The trial court also found that the school board was not a party capable of being sued (see generally *Cook v. Colquitt County Bd. of Ed.*, 261 Ga. 841 (412 SE2d 828)), and that the school district had never been properly served with process. As a result of

these findings, the complaint was dismissed against the school board and the school district.

When Jason Wellborn refused to be joined as a plaintiff, the trial court dismissed the complaint against the remaining defendants because it was not being prosecuted in the name of the real party in interest. Wellborn now appeals. Jason Wellborn is not a party to this appeal. *Held*:

1. Although Wellborn's notice of appeal indicated that she was appealing from the order dismissing the complaint for failure to join the real party in interest, the order dismissing her complaint against the school district and the school board, and other orders concerning the sealing of the record and appointing guardians ad litem, her enumeration of error challenges only the dismissal of whatever claims she has individually and the dismissal of the DeKalb County School District from the action. Accordingly, no issues concerning the propriety of the dismissal of Jason Wellborn's claims or the dismissal of the school board from this action are properly before us. See *Ailion v. Wade*, 190 Ga. App. 151, 155 (378 SE2d 507); *Sanders v. Hughes*, 183 Ga. App. 601, 604 (359 SE2d 396); *Redwing Carriers v. Knight*, 143 Ga. App. 668, 674 (239 SE2d 686).

2. Wellborn argues that notwithstanding the propriety of the dismissal of her son's claims because he was the real party in interest, the trial court erred by dismissing any claims she might have in her own right for injuries she suffered personally. Wellborn has identified four separate claims which she contends should survive the dismissal of Jason's claims: Her claim that the school district breached its fiduciary duties and duties of confidential relationship owed her, her claim that the school district invaded her privacy, her claim that emotional distress was intentionally inflicted upon her by Finkbone and through the doctrine of respondeat superior by the school district, and her claim that emotional distress was negligently inflicted upon her by the school district. As Wellborn only has argued that these claims should survive, she has abandoned any contention she might have asserted that she was damaged personally by any violation of the Federal Education Act, the Americans with Disabilities Act, or the Rehabilitation Act. Court of Appeals Rule 27 (c). "Any issue reasonably contained within an enumeration of error as to which there has not been any argument or citation of authority made in appellant's brief is deemed abandoned." *Moore v. Winn-Dixie Stores*, 214 Ga. App. 157, 158 (447 SE2d 122).

3. Under the law of this state, Wellborn's claims for damages for her emotional distress, inflicted intentionally or negligently, cannot stand. A claim for emotional distress inflicted by negligent conduct is allowed only where there is some physical injury to the claimant (*Ryckeley v. Callaway*, 261 Ga. 828 (412 SE2d 826); *Ob-Gyn Assoc.*

&c. v. Littleton, 259 Ga. 663 (386 SE2d 146)), and a claim for intentional infliction of emotional distress is allowed only when the intentional act was directed toward the plaintiff. Ryckeley v. Callaway, supra at 829; Sanders v. Brown, 178 Ga. App. 447, 448 (1) (343 SE2d 722). Accordingly, as Wellborn has not asserted that she received a physical injury, she cannot maintain a claim for negligent infliction of emotional distress, and because she does not allege that any malicious, wilful or wanton act was directed toward her, she cannot recover for intentional infliction of emotional distress. Therefore, Wellborn cannot maintain her individual claims for these causes of action.

4. Before considering whether the trial court erred in dismissing Wellborn's remaining claims, however, we must first determine whether we have jurisdiction to address the claims she would assert against the school district because they are barred by the doctrine of sovereign immunity. Atlantic-Canadian Corp. v. Hammer, Siler &c. Assoc., 167 Ga. App. 257 (306 SE2d 22).

Although raised in the school district's motion, the trial court did not rule on the sovereign immunity issue. The school district, however, has now asserted this argument in this Court, and thus we are presented with an issue concerning our jurisdiction, even though the trial court did not decide this issue, because the doctrine of sovereign immunity " 'operates to withhold from the courts jurisdiction over the person of the state.' " (Citation omitted.) Kemp v. Sharp, 261 Ga. 600, 601 (3) (409 SE2d 204). Therefore, this issue is properly before us notwithstanding the absence of a ruling by the trial court.

As any claim Wellborn might assert against the DeKalb County School District arose after January 1, 1991, her claims are governed by the 1991 amendments to the Georgia Constitution of 1983. Thus, the sovereign immunity of the state and its departments and agencies can be waived only by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of the waiver. Art. I, Sec. II, Par. IX (e), Ga. Const. of 1983, as amended in 1991. The DeKalb County School District is a political sub-division of the State of Georgia, and is vested with sovereign immunity unless such immunity is waived in accordance with Art. I, Sec. II, Par. IX (e), supra. Crisp County School System v. Brown, 226 Ga. App. 800 (487 SE2d 512); Coffee County School Dist. v. Snipes, 216 Ga. App. 293, 294-295 (454 SE2d 149). "Under the authority of the 1991 constitutional amendment, the General Assembly subsequently enacted 'The Georgia Tort Claims Act' (OCGA § 50-21-20 et seq.), applicable to causes of action accruing on or after January 1, 1991. The Georgia Tort Claims Act provides for a limited waiver of the state's sovereign immunity for the torts of its officers and employees, but it expressly excludes school districts from the waiver. OCGA

§ 50-21-20 (5)." Id. at 295. Consequently, the DeKalb County School System is excluded from the provisions of the Georgia Tort Claims Act. "Although the 1991 amendment does not restrict the legislature's authority to waive sovereign immunity to the Georgia Tort Claims Act, any such waiver must be by a 'legislative act which specifically provides that sovereign immunity is waived and the extent of such waiver.' [Cit.]" Id. As Wellborn has failed to establish the existence of any legislative act waiving the sovereign immunity of the DeKalb County Board of Education, she cannot maintain this action.

Accordingly, as Wellborn's claims are barred by the doctrine of sovereign immunity, we need not address whether the complaint against the DeKalb County School District was correctly dismissed for the reasons stated in the trial court's order. A correct decision of a trial court will not be reversed, regardless of the reasons stated. *Collier v. Whitworth*, 205 Ga. App. 758, 759 (423 SE2d 440).

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED JUNE 27, 1997 —
RECONSIDERATION DENIED JULY 16, 1997.

*James E. Goodman, Norman L. Smith,* for appellants.
*Chambers, Mabry, McClelland & Brooks, Genevieve L. Frazier, Tanya A. Eades,* for appellee.

