PUBLISH

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

--------------------------------------------

No. 94-8667

--------------------------------------------

D. C. Docket No. 91-CV-47-2-MAC (WDO)

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
04/05/99
THOMAS K. KAHN
CLERK

CAROL FLOYD, CARLA FLOYD, MARY ANN DRAKE,

                                        Plaintiffs-Appellants,
                                        Cross-Appellees,

        versus


IRIS WAITERS, Security Chief, Board of Public
Education and Orphanage for Bibb County,
WILLIAM DECKER BOOKER, Security Guard, Board
of Public Education and Orphanage for Bibb
County,

                                        Defendants,


KENNETH BRONSON, Security Guard, Board of
Public Education and Orphanage for Bibb
County, JOHN NICHOLSON, Head of Operations,
Board of Public Education and Orphanage for
Bibb County, STEPHEN MASSEY, President, Board
of Public Education and Orphanage for Bibb
County, THOMAS HAGLER, Superintendent, Board
of Public Education and Orphanage for Bibb
County, HARRY TINKER,

                                        Defendants-Appellees,
                                        Cross-Appellants.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Georgia
-----------------------------------------------------------------
**(April 5, 1999)**

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before EDMONDSON and COX, Circuit Judges, and FAY, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

We earlier decided this case in <u>Floyd v. Waiters</u>, 133 F.3d 786 (11th Cir. 1998).  The Supreme Court vacated our judgment and instructed us to reconsider the case in the light of its decision in <u>Gebser v. Lago Vista Indep. Sch. Dist.</u>, 118 S. Ct. 1989 (1998).  We have done so.  We reinstate our prior decision and opinion.

Briefly stated, in <u>Floyd</u>, we wrote that a Title IX plaintiff must establish two things to survive summary judgment in a cause of action against a school district like Bibb County's for the discriminatory acts of its employees.  First, some supervisor with authority to take corrective action was placed on notice of the bad conduct.  <u>See</u> <u>id.</u> at 792 & n.13.

2

Second, the supervisor possessing this authority was a school official high enough up the chain-of-command that his acts constitute an official decision by the school district itself not to remedy the misconduct. See id. at 790-792. Given the circumstances of this case, we held that there could be no Title IX liability.

In Gebser, the Supreme Court faced a sexual-harassment-by-a-teacher case under Title IX. The Court pointed out the contractual nature of Title IX and rejected school district liability based on either respondeat superior or constructive notice. See Gebser, 118 S. Ct. at 1997. Then the Court tied school district liability to an official decision by the school district not to remedy a known act of misconduct. For school district liability, the Court stressed that some "appropriate person" in the school district must have actual notice of the misconduct. See id. at 1999.

The Court did not go into detail about who would be an appropriate person; it did not need to do so to decide Gebser: in Gebser no one in the pertinent school district other than the offending teacher himself knew of his misconduct. See id. at 1993. The Court did say, however, that the

3

appropriate person must necessarily be an "official" of the school district and must have the authority to end the discrimination. See id. at 1999. But these preconditions were set out in the context of "at a minimum" -- a minimum which was not met in Gebser -- and not set out as a fully developed, complete standard.[*]

In our view, our decision in this case is consistent with the Supreme Court's decision (and reasoning) in Gebser. The judgment of the district court is again AFFIRMED.

---

[*]By the way we, given the record before us, also conclude as a matter of law that Mr. Waiters and Mr. Tinker (the two district employees who have been especially singled-out by plaintiffs) were not school district school officials and that they also lacked authority to end the pertinent discrimination.

4