Edith DAVIS, as legal guardian on behalf of Jane Doe, individually, Plaintiffs,

v.

DEKALB COUNTY SCHOOL DISTRICT, a Local Education Agency (LEA), William L. Duncan, Jr., in his Individual and Official Capacity as Principal of Knollwood Elementary School, Kevin Mency, in his Individual Capacity as former Teacher at Knollwood Elementary School, Defendants.

No. CIV. A. 1:96–CV–2845–TWT.

United States District Court, N.D. Georgia, Atlanta Division.

March 12, 1998.

**1480**

Michael Weinstock, Mark I. Sanders, Weinstock & Scavo, Atlanta, GA, Joseph A. Conoscienti, Timothy Wayne Storm, Conoscienti & Storm, Decatur, GA, for Plaintiffs.

Kelvin Mency, Dooly State Prison, Unadilla, GA, pro se.

## ORDER

THRASH, District Judge.

This case is before the Court on Plaintiffs' Motion to Compel [36–1] and for Sanctions [36–2], Motion for Leave to Respond to Affidavit of Arnold Butler [48–1], Defendant DeKalb County School District's Motion for Summary Judgment [53–1], Defendant Duncan's Motion for Summary Judgment [55–1], Defendants' Motion to Appoint Guardian Ad Litem [57–1], Defendants' Motion to Clarify Order [58–1], Defendants' Motion for Leave to Supplement Motion for Summary Judgment [60–1], Defendants' Motion to Amend and Substitute Brief [75–1], Plaintiffs' Motion to File a Supplemental Memorandum [76–1], and Defendants' Motion for Reconsideration [84–1]. For the reasons stated at this Court's December 12, 1997, hearing, the Defendants' Motion to Appoint Guardian Ad Litem and Motion to Clarify Order are both denied. In the interests of justice the Court grants Defendants' Motion for Leave to Supplement Motion for Summary Judgment, Defendants' Motion to Amend and Substitute Brief, and Plaintiffs' Motion to File a Supplemental Memorandum. Because this Court has previously denied the Plaintiffs' Motion for Inquiry and Sanctions, upon which Plaintiffs' Motion to Compel is based, the Court denies Plaintiff's Motion to Compel. Finally, finding no error, the Court denies the Plaintiff's Motion for Reconsideration.

### I. FACTS

This case arises out of the acts of a physical education teacher, Defendant Kelvin Mency, at Knollwood Elementary School. The school is part of the DeKalb County School District. During the 1993–94 school year, Defendant Mency sexually molested at least three female students. Defendant William L. Duncan, Jr. was the principal at Knollwood Elementary when the sexual molestation took place. This action is brought on behalf of one of the three female students by her legal guardian. She is named in the Complaint as Jane Doe. She will be referred to herein as the Plaintiff.

During the 1993–1994 school year, the Plaintiff was a thirteen-year-old seventh grade student at Knollwood Elementary

School. When she was nine, a male cousin touched her inappropriately. At age 12 she had sexual intercourse with the who lived boy next door. When she told her mother about that incident her mother punished her by whipping her with a belt. The Plaintiff also has herpes, but she does not know where she contracted the disease. Defendant Mency was Plaintiff's seventh grade physical education teacher and was the faculty advisor of the Safety Patrol, of which she was a member. During the 1993–1994 school year, Defendant Mency asked the Plaintiff to go to the teacher's bathroom. She went there and waited for him until he came. They kissed and then engaged in an act of sodomy. This happened again a second time in the physical education equipment room. On another occasion, she performed oral sex on Mency in an empty classroom. On another occasion, she met him in an equipment storage shed where he kissed her. On each occasion, Defendant Mency would tell her where to meet him and she would go and wait until he arrived. On each occasion, she had a pretty good idea of what was going to happen. Defendant Mency also kissed Plaintiff on two other occasions; once outside the cafeteria and once in front of the library. No one was around when this occurred. There is no evidence in the record that anyone witnessed any of the acts of sexual molestation or other improper behavior that occurred between Mency and Plaintiff.

The Plaintiff never told her mother, or anyone at the school, about what was happening between her and Defendant Mency. Mency told her that he would lose his job if the school found out what was happening. After the Plaintiff graduated from Knollwood Elementary School in May or June of 1994 she started Columbia High School in September. The police began investigating Defendant Mency when another student at Knollwood confided in a friend that Defendant Mency was touching her inappropriately. The friend told a police officer who regularly lectured at the school. This resulted in an investigation by the police. As part of that investigation a detective came to Columbia High School and questioned Plaintiff about her involvement with Defendant Mency. The first time that she was questioned,

she denied having sex with him. She thought that what happened between them was not anyone else's business. She was questioned a second time by a different detective. She admitted to what happened after the second detective told her that Mency had admitted having sex with her. Defendant Mency was subsequently convicted of child molestation and sentenced to 20 years in prison.

The three students Mr. Mency molested have filed separate actions against Mency, Duncan, and the DeKalb County School District [hereinafter "the School District"] alleging violations of 20 U.S.C. § 1681 [commonly known as Title IX], 42 U.S.C.A. § 1983 [commonly known as Section 1983], and various state laws. Defendant Duncan and the School District have moved for summary judgment on all counts.

## II. DISCUSSION

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the non movant. *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 158–159, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

### A. The Plaintiffs' Title IX Claim

The Plaintiffs assert that the School District violated Title IX by failing to prevent Defendant Mency from molesting Plaintiff. Title IX provides that "no person in the United States shall, on the basis of sex, ... be subjected to discrimination under any ed-

ucation program or activity receiving Federal financial assistance ..." 20 U.S.C. S 1681(a). In *Franklin v. Gwinnett County Pub. Sch.*, 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992), the Supreme Court recognized an implied private cause of action for money damages in Title IX cases of intentional sexual discrimination. The Court held that sexual harassment is one form of sexual discrimination. *Id.*

There is disagreement about the standard that applies to institutional liability for sexual harassment under Title IX. Some courts have held that an educational institution is liable when a teacher intentionally harasses a student because of sex regardless of whether the school or school district has knowledge of the harassment. *Lipsett v. University of Puerto Rico*, 864 F.2d 881, 901 (1st Cir.1988); *Does 1,2,3,4 v. Covington County School Bd.*, 969 F.Supp. 1264, 1277 (M.D.Ala.1997); *Kadiki v. Virginia Commonwealth University*, 892 F.Supp. 746, 751 (E.D.Va.1995). This approach is based at least in part on the Supreme Court's decision in *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986), where the Supreme Court concluded that agency rules, specifically *respondeat superior*, could support institutional liability under Title VII. Other courts have rejected the general application of *respondeat superior* to Title IX cases. *Doe v. Lago Vista Independent School Dist.*, 106 F.3d 1223 (5th Cir.1997), *cert granted in Jean Doe, Jane Doe, a Minor v. Lago Vista Independent School District,* —— U.S. ——, 118 S.Ct. 595, 139 L.Ed.2d 431 (1997) (rejecting agency liability for sexual harassment cases under Title IX); *Smith v. Metropolitan School Dist. Perry Tp.*, 128 F.3d 1014 (7th Cir.1997) (rejecting agency liability under Title IX because of lack of agency language and because Spending Clause requires intent for Title IX claims). Other courts, while not rejecting outright application of agency principles, have limited their application in Title IX cases. *Lipsett*, 864 F.2d at 897 (limiting

its application of Title VII precedent to Title IX cases for employment discrimination).

▇▇▇ A recent decision, cited by counsel at oral argument, suggested that the Eleventh Circuit would join the ranks of courts that refuse to apply agency principles in Title IX cases. *Davis v. Monroe County Bd. of Educ.*, 120 F.3d 1390 (11th Cir.1997) (pet. for cert. filed, 66 U.S.L.W. 3387 (Nov. 19, 1997)). An even more recent Eleventh Circuit decision, handed down after oral argument, unequivocally states that this is true. In *Floyd v. Waiters,* 133 F.3d 786 (11th Cir.1998), the Eleventh Circuit explicitly rejected agency liability as a basis for Title IX claims. In so doing, the *Floyd* Court not only rejected the imputation of liability from a harassing teacher to his or her supervisor, but also rejected the imputation of liability from a supervisor to the school board or superintendent. *Id* at 788–793. Therefore, the current rule in the Eleventh Circuit is that there must be actual notice of the sexual harassment to the school board or to the school superintendent in order for there to be a claim against the school system under Title IX.[1] Because there is a total absence of such evidence in this case, the Plaintiffs cannot recover under Title IX.

Even under a less demanding standard, the Defendants (other than Mency) would be entitled to summary judgment. As discussed below, there is simply no evidence that any school official with supervisory authority knew of or should have known that Mency was molesting the three students. There is no evidence that the school system was deliberately indifferent to knowledge or information that would have put it on notice that Defendant Mency was molesting the three students. It is clear from *Davis* that the school system must be on notice before it can be held liable for intentional discrimination based on sex. In this case, no one knew

---

**1.** On March 13, 1997, the Department of Education's Office of Civil Rights issued a document called "Sexual Harassment Guidance." The Guidance states that, for Title IX purposes, a school will have actual notice of sexual harassment whenever an agent or responsible employee has notice. The Eleventh Circuit did note that

this Guidance might change the application of agency principals in Title IX cases that arise after March 13, 1997. *Floyd*, 133 F.3d at 790 n. 7. This case arose before March 13, 1997, and therefore the standard set forth in *Floyd* is binding precedent as to this case.

about the sexual molestation of the three students except Defendant Mency and his victims. Therefore, there can be no basis for Title IX liability against the school system.

## B. The Plaintiffs' Section 1983 Claims

 The Plaintiffs claim that by not preventing Mency from molesting Plaintiff the School District and Mr. Duncan violated Section 1983. *Respondeat superior* is not available as a theory of liability in a Section 1983 action. *Monell v. Dept. of Social Services*, 436 U.S. 658, 691–92, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In order for liability to attach, the Defendants must have either known or should have known that Mr. Mency posed a danger to Plaintiff. *See e.g., Floyd*, 133 F.3d at 795 ("a 'custom' requires that policymaking officials knew about the widespread practice but failed to stop it."); *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1424 (11th Cir.1997) (requiring knowledge of danger to safety or health for violation of Section 1983); *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir.1996) (same). Therefore, to prevail on their claims against the School District or Defendant Duncan under Section 1983 the Plaintiffs must show that these Defendants either knew that Defendant Mency was a danger to the students or were deliberately indifferent to that danger after being put on notice of the danger.

 The evidence does not show that Defendant Mency's actions toward Plaintiff were such that the Defendants knew that he was a danger to her. None of the students, including Plaintiff in this case, reported that Mency was molesting them. The testimony shows that most of the inappropriate contact between Mency and the students took place in secret, where no one could have observed what Mency was doing. Furthermore, to the extent that it occurred where anyone could have seen it, there is no evidence that anyone actually did see Mency molest any of the students or that they reported what they saw if they did. There is no evidence that the Defendants knew that Mency was molesting these students.

 Nor was there a reason for these Defendants to believe that Defendant Mency was a substantial threat to students.

The Plaintiffs argue that the Defendants knew that Mr. Mency was a danger because of a complaint filed by a student who is not a party to this case. In November of 1993, another Knollwood student, Ms. Malissa Dan'Yell Burrell, was playing center in a touch football game. Defendant Mency was playing quarterback. At some point, Defendant Mency touched Ms. Burrell on her behind. Ms. Burrell also believed that, following the football game, Defendant Mency attempted to touch her inappropriately when she was near the water fountain, but she moved away before he could. The following day, Ms. Burrell and her guardian, Helen Davis, came to school to discuss Defendant Mency's actions with Defendant Duncan.

Defendant Duncan directed Yvonne Butler, the school counselor, and Corrie Wingfield, the school social worker, to investigate Ms. Burrell's allegations. During their investigation Ms. Wingfield and Ms. Butler met with Ms. Burrell and another student regarding the complaint. Mency denied doing anything inappropriate. Upon conclusion of their investigation, Ms. Wingfield and Ms. Wingfield concluded that the Burrell incident was not sexual in nature. In a subsequent meeting, Defendant Duncan met with Ms. Davis, Ms. Burrell, and Defendant Mency to discuss the situation. Defendant Duncan offered to transfer Malissa to another school but Ms. Davis declined the offer. Defendant Duncan also offered to isolate Defendant Mency from Malissa and Ms. Davis agreed that this was a good idea. After meeting with Defendant Duncan, Ms. Davis was satisfied that, even with Defendant Mency still at the school, her daughter was not in danger of being molested.

Based upon this evidence the Court concludes that the Plaintiffs have failed to carry their burden of producing sufficient evidence to satisfy the requirement that the School District or Defendant Duncan knew of Defendant Mency's actions or were deliberately indifferent to evidence that should have put them on notice. The fact that the school principal investigated a prior complaint is not notice of danger when the subject of the complaint was exonerated. To rule other-

wise would punish the school for investigating complaints. The Plaintiffs have not put forth sufficient evidence for a jury to conclude that these Defendants either knew that Defendant Mency was harassing the Plaintiff or acted with reckless disregard to the possibility that he would do so. Therefore, Defendants are entitled to summary judgment as to Plaintiffs' Section 1983 claims.

### C. State Claims

 The Plaintiffs have also alleged various state claims including negligence, assault, battery, infliction of emotional distress, false imprisonment, and negligent hiring, retention and supervision. The DeKalb County School District is a political subdivision of the State of Georgia, and is vested with sovereign immunity unless such immunity is waived. *Wellborn v. DeKalb County School Dist.*, 227 Ga.App. 377, 379, 489 S.E.2d 345, 347 (1997); *Crisp County School System v. Brown*, 226 Ga.App. 800, 800–801, 487 S.E.2d 512, 514 (1997); *Coffee County School Dist. v. Snipes*, 216 Ga.App. 293–4, 454 S.E.2d 149 (1995). The Georgia Tort Claims Act (O.C.G.A. § 50–21–20, *et seq.*) provides for a limited waiver of the state's sovereign immunity for the torts of its officers and employees, but it expressly excludes school districts from the waiver. O.C.G.A. § 50–21–22(5). Therefore, the Georgia Tort Claims Act does not divest the School District of its sovereign immunity. Nor have the Plaintiffs cited any other statute that waives the School District's immunity. Only a legislative act that specifically states that sovereign immunity is waived and delineates the extent of that waiver effectively surrenders sovereign immunity. *Wellborn v. DeKalb County School Dist.*, 227 Ga.App. 377–80, 489 S.E.2d 345, 347; *Coffee*, 216 Ga.App. 293–94, 454 S.E.2d 149–150. The Plaintiffs have failed to show the existence of such an act. Therefore, the School District is immune from suit for the Plaintiffs' state claims.

 While sovereign immunity applies to the state and its subdivisions and is intended to protect the public purse, official immunity is applicable to government officials and employees sued in their individual capacities. *Hemak v. Houston County School Dist.*, 220 Ga.App. 110, 112, 469 S.E.2d 679, 681 (1996). The doctrine of official immunity holds that an official is generally immune from suit when he or she erroneously exercises his or her judgment and by that injures someone. Such an official is immune if the acts complained of are performed within the scope of the officer's authority, and are performed without wilfulness, malice, or corruption. *Id; Partain v. Maddox*, 131 Ga.App. 778, 782, 206 S.E.2d 618, 621 (1974). Official immunity protects officials from liability for honest mistakes in the exercise of their discretion. *Hemak*, 469 S.E.2d at 681.

 The essence of the Plaintiff claims is that Defendant Duncan failed to use sound judgment when hiring, supervising and disciplining Defendant Mency and protecting Plaintiff. To determine whether an action is discretionary or ministerial, and therefore unprivileged, one must consider, on a case by case basis, the character of the complained of actions *Wright v. Ashe*, 220 Ga.App. 91 93, 469 S.E.2d 268, 270–71 (1996). "A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." *Hemak v. Houston County School Dist.*, 220 Ga.App. 110, 469 S.E.2d 679 (1996). The Plaintiff claims that Defendant Duncan should have exercised better judgment when investigating and evaluating the Burrell incident and should have discovered Defendant Mency's molestation of Plaintiff. The Court finds that disciplining employees and supervising students are discretionary functions and official immunity will shield Defendant Duncan absent evidence that his acts were wilful, malicious, or corrupt. *Crisp County School System v. Brown*, 226 Ga.App. 800, 803, 487 S.E.2d 512, 516 (1997) (holding teacher's duty to monitor students a discretionary function protected by official immunity). There is a total absence of any evidence of wilfulness or maliciousness. Therefore,

Defendant Duncan is protected by official immunity.

### III. CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** Plaintiffs' Motion to Compel [36–1] and **DENIES** Plaintiff's Motion for Sanctions [36–2], **GRANTS** the Motion for Leave to Respond to Affidavit of Arnold Butler [48–1], **GRANTS** Defendant DeKalb County School District's Motion for Summary Judgment [53–1], **GRANTS** Defendant Duncan's Motion for Summary Judgment [55–1], **DENIES** Defendants' Motion to Appoint Guardian Ad Litem [57–1], **DENIES** Defendants' Motion to Clarify Order [58–1], **GRANTS** Defendants' Motion for Leave to Supplement Motion for Summary Judgment [60–1], **GRANTS** Defendants' Motion to Amend and Substitute Brief [75–1], **GRANTS** Plaintiffs' Motion to File a Supplemental Memorandum [76–1], and **DENIES** Defendants' Motion for Reconsideration [84–1]. The Plaintiff's Motions for Oral Argument [37 and 69] were **GRANTED** and the Court held oral argument on the pending motions on December 12, 1997. The Plaintiffs are directed to file a motion for summary judgment as to Defendant Mency within 20 days from the docketing of this order. If no motion for summary judgment is filed, the Court will consider the Plaintiffs' claims against said Defendant to be abandoned and the Clerk will be directed to close this case.