**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 15, 2013**

# In the Court of Appeals of Georgia

A12A1852. BOMIA v. BEN HILL COUNTY SCHOOL DISTRICT et al.

MILLER, Presiding Judge.

Deborah Bomia sued the Ben Hill County School District (the "School District") and its transportation director, Angie Dopson, for malicious prosecution, false arrest and wrongful discharge arising from Bomia's actions in leaving the scene and failing to report an accident involving the school bus she was operating. The trial court granted summary judgment to the defendants, finding that sovereign immunity barred Bomia's claims. Bomia appeals, contending that sovereign and official

immunity did not bar her claims against the School District or Dopson.[1] For the reasons that follow, we affirm.

"On appeal from the grant of summary judgment, this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Citations and punctuation omitted.) *Campbell v. Landings Assn.*, 289 Ga. 617, 618 (713 SE2d 860) (2011).

So viewed, the evidence shows that Bomia was employed as a school bus driver with the School District. In January 2009, Bomia was operating a School District bus when she was involved in a motor vehicle accident. Bomia continued on her route and did not report the accident to law enforcement because she did not consider the damage to be significant.

Dopson subsequently reported the accident to the Ben Hill County Sheriff's Office. . Dopson also went to the Sheriff's Department to request a copy of the police report. The sheriff's office issued a traffic citation to Bomia for violating OCGA §

---

[1] Because we find that sovereign and official immunity barred Bomia's claims against the School District and Dopson, we need not reach Bomia's additional contention that the trial court erred in finding that she failed to provide evidence to establish the elements of her tort claims.

40-6-273 (Failure to Report an Accident).[2] An application for a criminal warrant was prepared stating that Bomia had committed the offense of hit and run or leaving the scene of an accident. Following a hearing, the magistrate court dismissed the warrant application, and the traffic citation was also dismissed. Bomia was never arrested, placed in custody or detained as a result of the citation or the application for a criminal warrant.

The School District terminated Bomia's employment for violation of local procedures and state bus driver laws, failing to report an accident and leaving the scene of an accident. The School District also sued Bomia to recover for the damage to the school bus, and obtained a judgment against her in the amount of $1,000. Bomia did not assert any counterclaims against the School District in this suit. Instead, Bomia filed the instant suit against the School District and Dopson, individually and in her official capacity, raising claims of wrongful discharge, false arrest and malicious prosecution. The School District and Dopson answered, raising the defenses of sovereign and official immunity. The School District and Dopson also

---

[2] OCGA § 40-6-273 requires drivers to report accidents resulting in property damage to an apparent extent of $500.00 or more.

filed a motion for summary judgment on these grounds, and the trial court granted their motion.

Bomia contends that sovereign and official immunity did not bar her claims against the School District or Dopson. We disagree.

> Sovereign immunity is not an affirmative defense that must be established by the party seeking its protection. Instead, immunity from suit is a privilege that is subject to waiver by the [S]tate, and the waiver must be established by the party seeking to benefit from the waiver. Thus, [Bomia], not [the School District or Dopson], had the burden of [proof on this issue].

(Punctuation and footnotes omitted.) *Georgia Dept. of Corrections v. James*, 312 Ga. App. 190, 193 (718 SE2d 55) (2011).

Under Art I, Sec. II, Par. IX of the Georgia Constitution of 1983, sovereign immunity extends to a county-wide school district, such as the School District. See *Coffee County School Dist. v. Snipes*, 216 Ga. App. 293, 294 (454 SE2d 149) (1995). Except as specifically provided in the Georgia Constitution, a school district's sovereign immunity may only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is waived and the extent of such a waiver. See Ga. Const., Art I, Sec. II, Par. IX (e); see also *Coffee County*, supra, 216

4

Ga. App. at 294. Additionally, to the extent Bomia sued Dopson in her official capacity, it is well settled that suits against public employees in their official capacities are in reality suits against the State, and therefore involve sovereign immunity. See *Cameron v. Lang*, 274 Ga. 122, 126 (3) (549 SE2d 341) (2001); *Gilbert v. Richardson*, 264 Ga. 744, 750 (4) (452 SE2d 476) (1994).

The Georgia Tort Claims Act ("GTCA"), OCGA § 50-21-20 et. seq., grants some waivers to the State's immunity, however, the GTCA expressly excludes school districts. See OCGA § 50-21-22 (5). For losses arising out of claims for the negligent use of a covered motor vehicle, sovereign immunity for local government entities, such as the School District, is waived up to certain limits which are increased to the extent that local government entities purchase commercial liability insurance in excess of the set limits. See OCGA § 36-92-2 (a) (3), (d) (3). However, the School District's liability for damages in excess of the amount of immunity waived under OCGA § 36-92-2 applies only to damages which are sustained while such liability insurance is in force and only to the extent of the limits or coverage of the insurance policy. See OCGA § 33-24-51 (c).

1. In this case, the School District enjoyed sovereign immunity. See *Coffee County*, supra, 216 Ga. App. at 294. Nevertheless, Bomia argues that the School District waived its immunity up to the limits of its insurance coverage.

As the party seeking to benefit from a waiver, Bomia had the burden of establishing such waiver. See *Georgia Dept. of Corrections*, supra, 312 Ga. App. at 193. Furthermore, because Bomia is claiming that sovereign immunity was waived by the purchase of insurance, she had the burden of establishing that insurance protection covering her claims was procured and the limits of the insurance coverage available. See *Woodard v. Laurens County*, 265 Ga. 404, 406 (1) (456 SE2d 581) (1995). However, Bomia points to no evidence in the record, and we have found none, showing the existence of a liability insurance policy. Moreover, Bomia failed to show that the waiver of immunity under OCGA § 36-92-2 (a) for the negligent use of motor vehicles applied to her claims for wrongful discharge, false arrest and malicious prosecution because the School District's alleged liability for those claims was not predicated upon *the School District's* negligent use of a motor vehicle. See *Woodard*, supra, 265 Ga. at 406 (1); see also *Tittle v. Corso*, 256 Ga. App. 859, 864 (2) (569 SE2d 873) (2002) (holding that waiver of immunity under OCGA § 39-24-51 did not apply because sheriff's deputy was not using patrol vehicle when alleged torts

6

occurred). Since Bomia has failed to establish the waiver of sovereign immunity, her claims against the School District and Dopson in her official capacity were barred. See *Teston v. Collins*, 217 Ga. App. 829, 831 (2) (459 SE2d 452) (1995).

2. Bomia also argues that Dopson was not entitled to immunity from suit in her individual capacity because Dopson's conduct involved wilfulness and malice. Bomia's argument is unavailing.

> The doctrine of official immunity, otherwise known as qualified immunity,
>
> protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice, or corruption. Under Georgia law, a public officer or employee may be personally liable only for ministerial acts negligently performed or [discretionary] acts performed with malice or intent to injure. The rationale for this immunity is to preserve the public employee's independence of action without fear of lawsuits and to prevent a review of his or her judgment in hindsight.

(Citations and punctuation omitted.) *Murphy v. Bajjani*, 282 Ga. 197, 198 (1) (647 SE2d 54) (2007).

> Where there is an established policy requiring an official to take specified action in a specified situation, the policy creates a ministerial duty on the part of the official to perform the specified task. In order for the written policy to impose a ministerial duty, the policy must mandate

7

simple, absolute, and definite action and require the execution of a specific task without any exercise of discretion.

(Citations and punctuation omitted.) *Grammens v. Dollar*, 287 Ga. 618, 620 (697 SE2d 775) (2010).

Here, Bomia failed to point to any laws, regulations or policies setting forth ministerial duties for actions applicable to this case. Moreover, the record contains only a School District handbook which sets out the transportation supervisor's discretionary actions in the event of a school bus accident. The handbook's provision involving the transportation supervisor's investigation of an accident does not contain duties which are so definite, simple or absolute that they impose a ministerial duty applicable to this case. See *Smith v. Bulloch County Bd. of Commrs.*, 261 Ga. App. 667, 669 (1) (583 SE2d 475) (2003). Thus, Bomia failed to show that any of Dopson's acts were ministerial, and Bomia's argument that Dopson is not entitled to official immunity turns on whether Dopson performed her discretionary acts with malice or an intent to injure.

A discretionary act "calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." (Citations and punctuation

8

omitted.) *Murphy*, supra, 282 Ga. at 199 (1). With regard to discretionary acts allegedly committed with actual malice or intent to cause injury, actual malice means a deliberate intention to cause the harm suffered by the plaintiff. See id. at 203 (4).

Contrary to Bomia's claims, no evidence showed that Dopson acted or failed to act with a deliberate intention to cause Bomia's alleged injuries. Notably, Dopson had a duty as transportation director to report the accident. While Dopson reported the accident, she did not prepare or issue the traffic citation. Moreover, the evidence did not show that Dopson sought a criminal warrant. Finally, Dopson did not make the decision to terminate Bomia's employment. Dopson is entitled to official immunity in her individual capacity because her discretionary actions did not involve actual malice or an intent to cause injury. Accordingly, Bomia's claims against Dopson in her individual capacity were barred.

*Judgment affirmed, Ray and Branch, JJ., concur*.