# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1683

_____

Janet Kinman,                                    *
                                                 *
            Plaintiff/Appellee,                  *
                                                 *
      v.                                         *
                                                 *
Omaha Public School District;                    *
Robert Whitehouse, individually and              *
in his official capacity; John Mackiel,          *
Ph.D., individually and in his official          *   Appeals from the United States
capacity,                                        *   District Court for the
                                                 *   District of Nebraska.
            Defendants/Appellants,               *
                                                 *
Sheryl McDougall, individually and               *
in her official capacity,                        *
                                                 *
            Defendant.                            *

_____

No. 98-2018

_____

Janet Kinman,                                    *
                                                 *
            Plaintiff/Appellant,                 *
                                                 *
      v.                                         *
                                                 *
Omaha Public School District,                    *
                                                 *

Defendant,                          *
                                    *
Robert Whitehouse, individually and *
in his official capacity; John Mackiel, *
Ph.D., individually and in his official *
capacity,                           *
                                    *
            Defendants/Appellees,   *
                                    *
Sheryl McDougall, individually and  *
in her official capacity,           *
                                    *
            Defendant.              *

_____

No. 98-2994

_____

Janet Kinman,                       *
                                    *
            Plaintiff/Appellant,    *
                                    *
      v.                            *
                                    *
Omaha Public School District;       *
Robert Whitehouse, individually and *
in his official capacity; John Mackiel, *
Ph.D., individually and in his official *
capacity,                           *
                                    *
            Defendants,             *
                                    *
Sheryl McDougall, individually and  *
in her official capacity,           *
                                    *
            Defendant/Appellee.     *

_____

Submitted: November 19, 1998

Filed: March 19, 1999
_____

Before McMILLIAN, WOLLMAN, and HANSEN, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

The Omaha Public School District (the district), assistant superintendent John Mackiel, and principal Robert Whitehouse appeal from a jury verdict awarding Janet Kinman damages on her claim of sexual harassment brought under 20 U.S.C. § 1681(a) (Title IX). Kinman cross-appeals, contending that the district court erred by failing to grant her motion for default judgment against Sheryl McDougall on Kinman's 42 U.S.C. § 1983 claim. We reverse the judgment entered in favor of Kinman, as well as the denial of the motion for default judgment.

## I.

This case is before us a second time. We earlier affirmed the district court's grant of summary judgment in favor of the district, Mackiel, and Whitehouse on Kinman's section 1983 claim because we found that their conduct did not rise to the level of deliberate indifference as a matter of law. See Kinman v. Omaha Pub. Sch. Dist., 94 F.3d 463, 467 (8th Cir. 1996) (Kinman I). We also reversed the district court's grant of summary judgment in favor of the district, Mackiel, and Whitehouse on Kinman's Title IX claim, holding that questions of fact existed for the jury.

The facts can be summarized as follows. From September 1986 through May 1990, Kinman was a student at Bryan High School in Omaha, Nebraska. During the

1987-88 school year, McDougall was Kinman's sophomore English teacher. They remained friends during the following summer. At some point during that summer, Kinman attempted suicide. She told her mother that one of the reasons for her suicide attempt was that McDougall was trying to convince her that she (Kinman) was gay.

Kinman began drinking during her junior year. In response, McDougall took her to a lesbian Alcoholics Anonymous meeting. During the summer of 1989, Kinman and McDougall engaged in sexual relations. The two had an ongoing sexual relationship following this encounter.

On October 16, 1989, the district, through Whitehouse, was made aware of allegations of a sexual relationship between Kinman and McDougall. After receiving this information, the district removed Kinman from McDougall's study hall. The sexual relationship between the two temporarily ended following this action.

After Kinman's graduation in the spring of 1990, she resumed sexual relations with McDougall. Subsequently, the district was notified that the two had resumed contact, and it investigated the nature of the ongoing relationship. After the district confirmed the sexual nature of this relationship, McDougall was terminated for violating the district's policy prohibiting teachers from engaging in sexual relationships with former students within two years of graduation. In addition, McDougall's teacher's license was revoked in 1992.

Kinman brought this action against the district and Mackiel, Whitehouse, and McDougall individually and in their official capacities[1]. Following our decision in

---

[1]Suits against school officials in their official capacity are treated as suits against the school district itself. See Smith v. Metropolitan Sch. Dist. Perry Township, 128 F.3d 1014, 1021 n.3 (7th Cir. 1997), cert. denied, 118 S. Ct. 2367 (1998) (citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)).

Kinman I, a trial was held on the Title IX claim. The district court dismissed the claims against Mackiel and Whitehouse in their individual capacities, and the jury returned a verdict in favor of Kinman on the official capacity claim. The district court denied the defendants' post-trial motions, and this appeal followed.

## II.

In Kinman I, we held that the appropriate standard for school district liability in a Title IX action was whether it knew or should have known of the harassing behavior. See 94 F.3d at 469. While the present appeal was pending, the Supreme Court ruled upon the standard of school district liability discussed in Kinman I. See Gebser v. Lago Vista Indep. Sch. Dist., 118 S. Ct. 1989 (1998). The Court noted that the express remedial scheme of Title IX is predicated upon notice to an "appropriate person" and an opportunity to rectify any violation. See id. at 1999 (citing 20 U.S.C. § 1682). "[I]t would frustrate the purposes of Title IX to permit a damages remedy against a school district for a teacher's sexual harassment of a student based on principles of respondeat superior or constructive notice, i.e., without actual notice to a school district official." Id. at 1997. The fact that a teacher had actual notice as a wrongdoer is not pertinent to the analysis of notice to the school district. See id. at 2000. Accordingly, the Court held that a plaintiff in a Title IX case may not recover against a school district without first showing that a district official with the authority to address the complained-of conduct and take corrective action had actual notice of the harassing behavior and failed adequately to respond. See id. at 1999.

Once actual notice of discriminatory behavior is shown, the liability of the school district must be predicated on an official decision not to remedy the violation. See id. The Court explained that a heightened standard of liability was necessary to protect a school district from liability from its employees' independent actions. Thus, it held that to support liability under Title IX, the school district's response to harassing behavior "must amount to deliberate indifference to discrimination." Id.

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Morris v. American Nat'l Can Corp., 988 F.2d 50, 52 (8th Cir. 1993) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)). This doctrine does not apply, however, "when an intervening decision from a superior tribunal clearly demonstrates the law of the case is wrong." Morris, 988 F.2d at 52. Thus, we must apply the actual knowledge and deliberate indifference standard articulated in Gebser.

In light of Gebser, we are compelled to reverse the judgment, for in Kinman I we held that the district's response upon being put on notice of McDougall's conduct could not be characterized as constituting deliberate indifference. See 94 F.3d at 467. We found that once Mackiel and Whitehouse were alerted to the possibility of a sexual relationship between Kinman and McDougall, they did not "turn a blind eye and do nothing." Id. at 467. Instead, they investigated those allegations and initiated termination proceedings once they obtained conclusive proof of that relationship. Accordingly, the district, Mackiel, and Whitehouse are entitled to judgment as a matter of law.

## III.

In addition to the claims brought against the district, Mackiel, and Whitehouse, Kinman brought an action against McDougall individually under section 1983 and Title IX. McDougall failed to appear at any stage of the proceedings. The district court entered default judgment against her on November 4, 1993. It vacated that default judgment, however, on November 10, 1993, stating that default judgment was inappropriate until the case was adjudicated as to all defendants.

Kinman's end-of-trial motion for default judgment against McDougall was denied by the district court. Following the entry of the order denying the other defendants' post-trial motions, Kinman renewed her motion for entry of default

judgment against McDougall. The district court denied the motion as moot, stating that "[j]udgment has already been entered by the court against Sheryl McDougall in her official capacity," and that "liability does not lie under Title IX against persons in their individual capacity." See Order of July 1, 1998 at 1.

Kinman argues that default judgment could be entered against McDougall under section 1983 based on a violation of Title IX. We disagree. Title IX operates to condition "an offer of federal funding on a promise by the recipient not to discriminate, in what amounts essentially to a contract between the Government and the recipient of funds." Gebser, 118 S. Ct. at 1997. "The fact that title IX was enacted pursuant to Congress's spending power is evidence that it prohibits discriminatory acts only by grant recipients." Rowinsky v. Bryan Indep. Sch. Dist., 80 F.3d 1006, 1012 (5th Cir.), cert. denied, 117 S. Ct. 165 (1996). Several circuits have held that because they are not grant recipients, school officials may not be sued in their individual capacity under Title IX. See Floyd v. Waiters, 133 F.3d 786, 789 (11th Cir.), vacated and remanded, 119 S. Ct. 33 (1998); Smith, 128 F.3d at 1019; Lipsett v. University of Puerto Rico, 864 F.2d 881, 901 (1st Cir. 1988); see also Lilliard v. Shelby County Bd. of Educ., 76 F.3d 716, 730 (6th Cir. 1996) (Nelson, J., concurring) (stating that only educational institutions may be found liable for Title IX violations). See also National Collegiate Athletic Ass'n v. Smith, 1999 WL 83907 (U.S.) (February 23, 1999) (receipt of dues from member colleges and universities does not subject NCAA to suit under Title IX). Agreeing with these holdings, we conclude that Title IX will not support an action against McDougall in her individual capacity.

In addition to her Title IX complaint, however, Kinman also alleged violations of the Fourteenth Amendment as a basis for her section 1983 claim against McDougall in her individual capacity. In Kinman I, we dismissed the section 1983 claims against the district, Mackiel, and Whitehouse. See 94 F.3d at 467. Nothing in our decision in Kinman I, however, affects Kinman's ability to bring a section

1983 action against McDougall individually. Likewise, Gebser does not bar such an action, for the Court made it clear that that decision has no effect on an individual-capacity suit against a teacher brought under state law or under section 1983. See Gebser, 118 S. Ct. at 2000.

To hold McDougall liable under section 1983, Kinman must show that the conduct complained of was performed under color of state law and that the conduct deprived her of rights, privileges, or immunities secured by the Constitution or Federal law. See Roe v. Humke, 128 F.3d 1213, 1215 (8th Cir. 1997); Lipsett v. University of Puerto Rico, 864 F.2d at 902. Kinman alleged that McDougall deprived her of "her constitutionally protected substantive right to be free from such bodily harm and sexual molestation and abuse as secured by the Due Process and/or Equal Protection Clauses of the 14th Amendment to the U.S. Constitution."

We recently noted that "[a] number of circuit courts have found due process violations when state actors have inflicted sexual abuse on individuals." Rogers v. City of Little Rock, Arkansas, 152 F.3d 790, 795 (8th Cir. 1998). We also found that a claim that a state actor coerced a citizen into having non-consensual sex could rise to the level of a due process violation. See id. at 796 (citing Haberthur v. City of Raymore, Missouri, 119 F.3d 720, 723 (8th Cir. 1997)); see also Doe v. Taylor Ind. Sch. Dist., 15 F.3d 443, 450-52 (5th Cir. 1994) (stating that sexual abuse of a student by a school teacher violated student's constitutional right to bodily integrity). Accordingly, we conclude that Kinman stated a valid cause of action against McDougall and that the district court should have considered her motion for entry of default judgment on the merits.

The judgment against the district, Mackiel, and Whitehouse is reversed, and the case is remanded to the district court with directions to dismiss the complaint as to those defendants. The order denying Kinman's motion for default judgment against McDougall in her individual capacity is reversed, and the case is remanded to the

district court for further consideration of that motion in accordance with the views set forth in this opinion.

It is so ordered.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.