Linda Joy **BRACEY**, Plaintiff,

v.

Ernest **BUCHANAN**, individually and in his official capacity as the Provost of the Virginia Beach campus of Tidewater Community College, Defendant.

No. Civ.A. 2:98cv1178.

United States District Court, E.D. Virginia, Norfolk Division.

June 24, 1999.

Linda Joy Bracey, pro se.

Alton Andrew Martin, Mark Lawrence Earley, William Eugene Thro, Office of the Attorney General, Richmond, VA, for defendant.

## ORDER

CLARKE, District Judge.

This matter is before the Court on motion of Dr. Ernest Buchanan (Defendant) to dismiss the claims against him filed on October 15, 1998, by Linda Joy Bracey (Plaintiff), acting *pro se.* For the following reasons, the Court GRANTS the motion.

### I. *Procedural Background*

Plaintiff is, or at least was at the time her cause of action arose, a student at the Virginia Beach campus of Tidewater Community College (TCC). Defendant is the Provost of the Virginia Beach campus of TCC. Plaintiff filed suit in this Court on October 15, 1998, against Defendant in both his individual and official capacities, apparently alleging violations of her rights under 20 U.S.C. § 1681(a) (Title IX), Title II of the Americans with Disabilities Act (ADA), and § 504 of the Rehabilitation Act (§ 504).[1] On February 17, 1999, the Defendant moved for a more definite statement, and by Order of February 24, 1999, this Court granted that motion, ordering the Plaintiff to file a more definite statement within eleven (11) days of the date of the February 24th Order. On March 15, 1999, after the expiration of the eleven (11) days, the Plaintiff submitted to the Court a more definite statement of her claims. In light of the Plaintiff's *pro se* status, however, the Court ordered the statement filed notwithstanding the fact that it was submitted late. The Court further ordered the Defendant to file an answer within twenty (20) days of the March 23rd Order.

On April 15, 1999, the Defendant filed his Motion to Dismiss and Answer. On May 14, 1999, the Plaintiff requested an extension of time for filing her reply, and the Court granted that request by Order of May 18, 1999, extending the Plaintiff's

time by ten (10) days. The Plaintiff replied to the Defendant's motion on May 24, 1999.

### II. *Law and Analysis*

#### A. *Standard for Motion to Dismiss*

The Defendant brings this motion to dismiss for failure to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

■ The Court notes first that as a general proposition, the Plaintiff's pleadings fail to meet the mandates of Federal Rule of Civil Procedure 8, which requires a short and plain statement of a claim giving the defendant fair notice of the claim and the grounds upon which it rests. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Plaintiff never alleges exactly what the Defendant did to violate her rights. Instead, the Plaintiff merely alleges abstractly that the Defendant somehow, at some undisclosed time, violated the Plaintiff's rights under the above named statutes. The purpose of pleadings in the federal system is to put the Defendant on notice as to the nature of the claims against him so that he may adequately prepare a defense. *See Bolding v. Holshouser,* 575 F.2d 461, 464 (4th Cir.1978). While the pleadings need not be minutely detailed, they must provide enough factual details to allow the Defendant to discern exactly what act he has committed that the Plaintiff alleges is illegal. Overall, the Plaintiff's pleadings in this case fail to provide the Defendant with adequate notice of the claims against him.

While Rule 8 provides the standard for pleadings in federal court, Rule 12(b)(6) "must be given a construction consonant with that basic concept...." *See Bolding,* 575 F.2d at 464 (4th Cir.1978). As such, in

---

**1.** The Court agrees with the Defendant concerning the difficulty of discerning the exact nature of the claims as stated in the Complaint. Even when the Court reads the Complaint in conjunction with the Plaintiff's attempt at a more definite statement, the Court finds only conclusory allegations that the De-

fendant has somehow violated the law. After reading both of Plaintiff's filings, the Court agrees with the Defendant's characterization of the claims and will proceed on the basis that the Plaintiff is alleging violations of her rights under Title IX, Title II of the ADA, and § 504 of the Rehabilitation Act.

ruling on a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, and the allegations are taken as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Bruce v. Riddle*, 631 F.2d 272, 273–74 (4th Cir.1980). A court should not dismiss a complaint even if it appears on the face of the pleadings that the chance of recovery is very remote. *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683.

Under that standard, the Court FINDS that, viewed in the light most favorable to the Plaintiff, the Complaint specifically fails to state a claim with respect to each claim in the Complaint. The Court will address each claim in turn.

### B. *Individual Capacity Claims Against Defendant*

For the following reasons, all of the Plaintiff's claims against the Defendant in his individual capacity shall be dismissed as a matter of law for failure to state a claim.

### i. *Title IX claims*

It is impossible to bring a Title IX action against an individual. *See Kinman v. Omaha Public School District*, 171 F.3d 607 (8th Cir.1999); *Smith v. Metropolitan School District*, 128 F.3d 1014 (7th Cir.1997). Title IX operates to condition "an offer of federal funding on a promise by the recipient not to discriminate, in what amounts essentially to a contract between the Government and the recipient of funds." *Kinman*, 171 F.3d at 610–11 (quoting *Gebser v. Lago Vista Ind. School Dist.*, 524 U.S. 274, 118 S.Ct. 1989, 1997, 141 L.Ed.2d 277 (1998)). This Court agrees with the many Courts of Appeals that have held that "because they are not grant recipients, school officials may not be sued in their individual capacity under

Title IX." *Id.* at 610; *see also Floyd v. Waiters*, 133 F.3d 786, 789 (11th Cir.), *vacated and remanded*, —— U.S. ——, 119 S.Ct. 33, 142 L.Ed.2d 25 (1998); *Lipsett v. University of Puerto Rico*, 864 F.2d 881, 901 (1st Cir.1988); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 730 (6th Cir.1996) (Nelson, J., concurring); *National Collegiate Athletic Ass'n v. Smith*, —— U.S. ——, 119 S.Ct. 924, 142 L.Ed.2d 929 (1999). As such, the Plaintiff in this case may not maintain a Title IX action against the Defendant, Provost of the Virginia Beach campus of TCC, in his individual capacity.

Because the Plaintiff cannot, as a matter of law, state a claim against the Defendant in his individual capacity under Title IX, the Court DISMISSES all Title IX claims against the Defendant individually.

### ii. *ADA and Rehabilitation Act claims*

Title II of the ADA provides, in pertinent part:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C.A. § 12132 (West Supp.1994). § 504 of the Rehabilitation Act provides, in pertinent part:

> No otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C.A. § 794(a) (West Supp.1994). These two statutes are to be analyzed identically. *See Doe v. University of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1264 n. 9 (4th Cir.1995) (combining analysis of plaintiff's claims under ADA and Rehabilitation Act and stating that because the language

of the statutes "is substantially the same, we apply the same analysis to both.").

While the Fourth Circuit has not squarely addressed the issue of individual liability with respect to the ADA, this District Court has declared, based on the Fourth Circuit's jurisprudence with respect to Title VII and the Age Discrimination in Employment Act (statutes analogous to the ADA), as well as the ADA law in most of the federal circuits, that "individuals who do not independently meet the ADA's definition of 'employer' cannot be held liable under the ADA in the making of employment decisions of a plainly delegable nature." *Stephens v. Kay Management Co., Inc.*, 907 F.Supp. 169, 174 (E.D.Va.1995). *See also Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir.1996) (ADA); *EEOC v. AIC Sec. Investigations*, 55 F.3d 1276, 1279–82 (7th Cir.1995) (ADA).

■ Although the facts of this case do not specifically raise employment issues, as in the *Stephens* case, the logic and reasoning of the *Stephens* court in rejecting individual liability under the ADA applies with equal force to the factual scenario in this case. Therefore, the Court holds that the Defendant is not subject to individual liability under the ADA. Since § 504 of the Rehabilitation Act is interpreted consistently with the ADA, the Defendant is not subject to individual liability under § 504 either.

Because the Plaintiff cannot, as a matter of law, state a claim against the Defendant in his individual capacity under either the ADA or the Rehabilitation Act, the Court DISMISSES those claims.

### C. *Official Capacity Claims*

For the following reasons, all of the Plaintiff's claims against the Defendant in his official capacity shall be DISMISSED as a matter of law for failure to state a claim.

■ First, a suit against the Defendant in his official capacity as Provost of the Virginia Beach campus of TCC is consid-

ered by the Court to be a suit against TCC itself because suits against officers of an entity generally represent only another way of pleading a suit against the entity of which the officer is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).

### i. *Title IX claims*

■ In a Title IX case against a school, a plaintiff must allege that the response to his or her complaint constituted a deliberate indifference to the allegations of discrimination. In other words, "a plaintiff ... may not recover against a school district without first showing that a district official with the authority to address the complained-of conduct and take corrective action had actual notice of the harassing behavior and failed adequately to respond." *Kinman*, 171 F.3d at 610 (citing *Gebser*, 118 S.Ct. at 1999 (1998)). In order to state a claim in this case, the Plaintiff must allege that once TCC was put on actual notice of the alleged discriminatory actions, the school either made an official decision not to remedy the violation or the school's response to the allegations of harassment amounted to "deliberate indifference to discrimination." *Gebser*, 118 S.Ct. at 1999 (1998).

■ In this case, the Plaintiff has failed to allege that TCC was deliberately indifferent to her complaints of gender discrimination. In fact, the Plaintiff alleges to the contrary that TCC did in fact launch an investigation into her allegations. That the Plaintiff is dissatisfied with the outcome of the investigation has no bearing on this Title IX claim, absent an allegation that TCC showed a deliberate indifference.

The Plaintiff has therefore failed as a matter of law to state a claim under Title IX against the Defendant in his official capacity, and the Court DISMISSES this claim.

ii. *ADA and Rehabilitation Act claims*

To establish a violation of either Title II of the ADA or § 504 of the Rehabilitation Act, the Plaintiff must prove (or allege, at this point in the proceedings) that she: (1) has a disability; (2) is otherwise qualified for the ... benefit in question; and (3) was excluded from the ... benefit in question solely on the basis of the disability. *See Shafer v. Preston Memorial Hospital, Corp.*, 107 F.3d 274, 276 (4th Cir.1997); *see also Doe*, 50 F.3d at 1264–65 (4th Cir. 1995).

■ In this case, the Plaintiff has alleged that she has a disability. The Court notes that while not absolutely necessary to survive a motion to dismiss, the Plaintiff has failed to notify the Court as to the exact nature of her disability. More importantly, however, Plaintiff has failed to allege exactly how she was excluded from the benefit of an education based solely on her disability. The Plaintiff merely makes conclusory allegations that the Defendant refused to accommodate her. She fails to state exactly when she requested and was denied an accommodation, and more importantly, she fails to state exactly what accommodations she requested. Without such allegations in the Complaint, the Defendant cannot possibly attempt to formulate a defense, which might very well include reasonable, non-discriminatory explanations for the Defendant's alleged denial of the requested accommodations.

■ Although the Court is mindful of its duty to this *pro se* Plaintiff to construe her Complaint liberally, the Court cannot be expected to make the Plaintiff's case for her. The District Court for Maryland has said it best:

> Generally speaking, pro se litigants are held to a less stringent standard than trained attorneys; the Court must afford a pro se complaint generous construction. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Such litigants with otherwise meritori-

ous claims are not to be defeated by failure to observe technical niceties. *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). Nevertheless, the United States Court of Appeals for the Fourth Circuit has acknowledged limits on this principle. *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir.1985), *cert. denied*, 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986). *A pro se plaintiff still must allege facts that state a cause of action. Id.*

*Sado v. Leland Memorial Hospital*, 933 F.Supp. 490, 493 (D.Md. 1996) (emphasis added). The direction to district courts to construe *pro se* complaints liberally "does not require those courts to conjure up questions never squarely presented to them. District judges are not mind readers." *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir.1985), *cert. denied*, 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986).

In this case, the Court has already given the Plaintiff a chance to further specify her claims by filing a more definite statement to accompany the Complaint. In fact, the Court allowed the Plaintiff extra time to complete her more definite statement. The Court is of the opinion that it has given the Plaintiff ample opportunity to state her claims clearly and succinctly, with supporting facts in order to avoid disposition on a motion to dismiss. The Plaintiff has simply failed to state a claim under either the ADA or the Rehabilitation Act as a matter of law. Therefore, the Court DISMISSES these claims and all remaining claims in the Complaint.

## III.

For the above stated reasons, the Court hereby GRANTS the Defendant's Motion to Dismiss, and DISMISSES all of the claims brought by Plaintiff in the Complaint, as clarified in the More Definite Statement.

Plaintiff is ADVISED that she may appeal the rulings in this Order by filing a

WRITTEN Notice of Appeal with the Clerk of this Court, 600 Granby Street, Norfolk, Virginia 23510 within thirty (30) days of the date of this Order.

The Clerk is DIRECTED to mail a copy of this Order to the Plaintiff and to counsel for the Defendant.

IT IS SO ORDERED.