George MERCIER and Marisa C. Mercier, Plaintiffs,

v.

Karen TANDY, Director, Drug Enforcement Agency, et al., Defendants.

Civil Action No. 1:07cv749.

United States District Court, E.D. Virginia, Alexandria Division.

Sept. 4, 2007.

George Mercier, Las Vegas, NV, pro se.

Marisa C. Mercier, Las Vegas, NV, pro se.

### DISMISSAL ORDER

GERALD BRUCE LEE, District Judge.

THIS MATTER is before the Court on the Plaintiffs' application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). A litigant may proceed in any federal court without prepayment of fees if he files an affidavit showing he is indigent. 28 U.S.C. § 1915(a) (2007). However, the Court may dismiss the action if it concludes that "the allegation of poverty is untrue or the action ... is frivolous or malicious ... [or] fails to state a claim." 28 U.S.C. § 1915(e)(2) (2007). Upon review of Plaintiffs' allegations, the Court dismisses Plaintiffs' complaint for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also dismisses Plaintiffs' complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

■ District courts have a duty to construe pleadings by *pro se* litigants liberally, however, a *pro se* plaintiff must nevertheless allege a cause of action. *Bracey v. Buchanan,* 55 F.Supp.2d 416, 421 (E.D.Va. 1999). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Sumner v. Tucker,* 9 F.Supp.2d 641, 642 (E.D.Va.1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

Plaintiffs filed an "Extraordinary Petition" challenging a search of his neighbor's apartment as "unlawful Clandestine Activity." (Pltfs's Pet. at 2.) Plaintiffs also allege violation of The Civil Rights Act of 1964 on the basis that the FBI portrayed Plaintiff George Mercier as "a sloppy, ruined, run-down abuser to whatever Grand Jury they are into." [sic] (*Id.*)

■ Plaintiffs do not have standing to challenge the lawfulness of a search of their neighbor's apartment. *See Rakas v. Illinois,* 439 U.S. 128, 143, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978) (holding that the "ca-

pacity to claim the protection of the Fourth Amendment depends ... upon whether the person who claims the protection ... has a legitimate expectation of privacy in the invaded place."). Therefore, Plaintiffs have failed to allege a set of facts that support their Fourth Amendment challenge. Nor have Plaintiffs alleged any facts that support their civil rights claim. Accordingly, Plaintiffs' complaint entitled "Extraordinary Petition" must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Plaintiffs' complaint is also subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Frivolous complaints are those that are based on "inarguable legal conclusion[s]" or "fanciful factual allegation[s]." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Section 1915 permits a court to "pierce the wall of the plaintiff's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327, 109 S.Ct. 1827. The determination of frivolousness is within the discretion of the Court considering the *in forma pauperis* application. *Id.*

Plaintiffs' "Extraordinary Petition" consists of an incomprehensible narrative concerning "unlawful Clandestine Activity by the signatories" against him and his relatives with respect to unidentified criminal investigations. The Court finds Plaintiffs' unsupported allegations to be evidence of their reckless disregard for Defendants' right to be free from harassing litigation. Furthermore, the Court notes that this is the third meritless and frivolous complaint Plaintiff George Mercier has filed in the Eastern District of Virginia alleging similar claims against a variety of government officials.[1] Plaintiff George Mercier's prior complaints were each dismissed with prejudice, and in *Mercier v. Fox, et al,* No. 1:05cv1327 (E.D.Va. Nov. 23, 2005), the Court noted that Plaintiff George Mercier had also filed numerous meritless and frivolous lawsuits in other jurisdictions.[2] Thus, the Court finds Plaintiffs' failure to state a claim on which relief could be granted, coupled with their pattern of filing merit-

---

1. *See George Mercier v. William J. Fox, Director, Financial Crimes Enforcement Network, et al,* No. 1:05cv1327 (E.D.Va. Nov. 23, 2005); *George Mercier v. Richard Cheney, The Vice President, et. al.,* No. 1:04cv248 (E.D.Va. Mar. 11, 2004).

2. In *Mercier v. Fox,* the Court noted that

Since 2002, plaintiff has demonstrated a propensity for filing meritless and frivolous lawsuits in federal district courts across the country, including the District of Nevada (14 actions), the District of Utah (3 actions), the Western District of New York (3 actions), the Western District of Texas (2 actions), the Northern District of Georgia (2 actions), as well as nine other districts.

The Court also noted that

[i]n the same period, plaintiff has filed fifty complaints that were in turn either dismissed under § 1915, granted a nonsuit

under Fed.R.Civ.P. 41(a), denied leave to proceed *in forma pauperis,* dismissed for failure to prosecute, or transferred to another court. The named defendants in plaintiff's claims included the following: President George W. Bush; Vice President Richard Cheney; French President Jacques Chirac; the Republic of France; King Albert II of Belgium; the Bureau of Alcohol, Tobacco, Firearms, and Explosives; the Equal Employment Opportunity Commission; the governors of Georgia and Colorado; the State of Georgia; the Central Intelligence Agency; the Drug Enforcement Agency; the Internal Revenue Service; Judge Charles Tejada of the New York Supreme Court; and others. Most recently, plaintiff lost his suit against Chief Justice John Roberts that stemmed from plaintiff noticing additional "government surveillance" shortly after the Chief Justice's recent investiture ceremony.

less and frivolous lawsuits, renders their complaint entitled "Extraordinary Petition" completely baseless. Consequently, the Court also dismisses Plaintiffs' complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

From the forgoing, it is hereby

ORDERED that Plaintiffs' "Extraordinary Petition" is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). It is further

ORDERED that Plaintiffs' application to proceed *in forma pauperis* is DENIED as moot.